This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40875**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**ARTHUR BLANCO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Following a jury trial, Defendant Arthur Blanco was convicted of shooting at a motor vehicle, contrary to NMSA 1978, Section 30-3-8(B) (1993). Defendant raises three issues on appeal, arguing (1) the district court erred by preventing him from testifying about his proficiency and experience with firearms; (2) the admission of a witness's preliminary hearing testimony violated the Confrontation Clause; and (3) the

district court erred in admitting a statement made by a witness to law enforcement as an excited utterance. We affirm.

**DISCUSSION**

**I.     Testimony Regarding Defendant's Firearms Training**

**{2}**     Defendant argues that the district court erred in ruling that he could not testify that he was an expert marksman or about military protocols regarding warning shots. Defendant argues that the jury should have been permitted to hear about his proficiency and familiarity with firearms, and his inability to present this testimony cut off an avenue of defense. "We review the admission of evidence under an abuse of discretion standard." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

**{3}**     Defendant's argument rests on the premise that he was not permitted to demonstrate his proficiency and familiarity with firearms to the jury. However, the district court permitted Defendant to testify about his experience with guns, and the jury heard testimony that Defendant served in the Army and was qualified in using an assault rifle and a nine millimeter handgun. The district court's limitation was narrow and only prevented Defendant from testifying that he was an "expert" under the Army's qualification process, that he had been trained to use his gun under distress, and that his former unit's rules of engagement in a war zone permitted warning shots. The State asserts that the district court properly excluded this testimony because it "would have given the jury a false impression that [Defendant] had special knowledge about when using a firearm was appropriate." We agree, and Defendant has not persuaded us that these restrictions were inappropriate or an abuse of discretion under the circumstances.

**{4}**     As for Defendant's argument that these limitations foreclosed an avenue of defense, he indicates that testimony about his marksmanship would have allowed him to show that he was "unlikely to have fired at the vehicle and missed it" and that his actions were "consistent with his training and skill in handling such weapons." The State points out that defense counsel made this very argument to the jury during closing. Defendant was also able to advance his theory that he acted in self-defense. Defendant testified multiple times at trial that he felt in danger and feared for his life because he had been threatened with a knife and a vehicle. He also testified that, because of this fear, he fired two shots from his handgun. Based on Defendant's testimony and his counsel's closing argument, we are not persuaded that the district court's ruling foreclosed Defendant's ability to show that he acted in self-defense or present his theory that his actions did not amount to reckless disregard.

**{5}**     In sum, we perceive no abuse of discretion in the district court's ruling and no indication that the ruling foreclosed an avenue of defense. *See State v. Campbell*, 2007-NMCA-051, ¶¶ 13-14, 141 N.M. 543, 157 P.3d 722.

**II.     Admission of Preliminary Hearing Testimony**

**{6}**     Defendant contends that the district court violated his right to confrontation by admitting the preliminary hearing testimony of Edward Lucero, a security guard who witnessed the events and who had passed away before trial. Because this issue was not preserved, our review is for fundamental error. *State v. Cabezuela*, 2015-NMSC-016, ¶ 25, 350 P.3d 1145.

**{7}**     "When a witness testifies under oath at a preliminary hearing, admission of that preliminary hearing testimony does not violate the Confrontation Clause if: (1) the witness is unavailable; and (2) the defendant had a prior opportunity to cross-examine the statement that is now being offered into evidence against [them]." *State v. Lopez*, 2011-NMSC-035, ¶ 11, 150 N.M. 179, 258 P.3d 458 (internal quotation marks and citation omitted). Here, both elements are met: Mr. Lucero died from an illness prior to trial, and Defendant had the opportunity to, and in fact did, cross-examine Mr. Lucero at the preliminary hearing. *See id.* ¶ 12 (concluding that there was no Confrontation Clause violation when the defendant had an opportunity to and actually did cross-examine the witness at the preliminary hearing).

**{8}**     Defendant contends that the cross-examination by his defense attorney might have been different if the State had provided a copy of Defendant's statement to the police before the preliminary hearing. However, Defendant has not identified any particular topic of questioning that he was unable to address during his cross-examination of Mr. Lucero at the preliminary hearing, and it appears Defendant had an adequate opportunity to challenge the State's case. Moreover, to the extent Defendant's argument centers on whether he had the same motive for cross-examination, he conflates the standards for admissibility under the rules of evidence and the Confrontation Clause. *See State v. Henderson*, 2006-NMCA-059, ¶ 16, 139 N.M. 595, 136 P.3d 1005 ("While Rule 11-804(B)(1) [NMRA] requires the defendant to have had both an 'opportunity and similar motive' to cross-examine the statement for it to be admissible, *Crawford* [*v. Washington*, 541 U.S. 36 (2004)] only requires that the defendant had an 'opportunity for cross-examination' of the statement."). In light of the foregoing, we conclude that the introduction of Mr. Lucero's preliminary hearing testimony did not run afoul of the Sixth Amendment.

### III.     Admission of Gonzales's Statement

**{9}**     Defendant argues that the district court erred in admitting a statement Nicolas Gonzales made to Officer Moya under the excited utterance exception to the hearsay rule. In particular, Officer Moya testified that while driving into the gas station where the shooting occurred, he passed Mr. Gonzales's vehicle as Gonzales was leaving the station, and Gonzales yelled at him, "They're shooting at me, they're shooting at me." Defendant argues that when considering the totality of the circumstances, the district court abused its discretion in admitting Mr. Gonzales's statement as an excited utterance. *See Sarracino*, 1998-NMSC-022, ¶ 20.

**{10}**     An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused." Rule 11-

803(2) NMRA. "[T]o constitute an excited utterance, the declaration should be spontaneous, made before there is time for fabrication, and made under the stress of the moment." *State v. Flores*, 2010-NMSC-002, ¶ 47, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880). "The trial court has wide discretion in determining whether the utterance was spontaneous and made under the influence of an exciting or startling event." *State v. Balderama*, 2004-NMSC-008, ¶ 51, 135 N.M. 329, 88 P.3d 845 (alteration, internal quotation marks, and citation omitted). Courts consider a number of factors to determine whether a statement qualifies as an excited utterance, including "[h]ow much time passed between the startling event and the statement, and whether, in that time, the declarant had an opportunity for reflection and fabrication; how much pain, confusion, nervousness, or emotional strife the declarant was experiencing at the time of the statement; whether the statement was self-serving; and whether the statement was made in response to an inquiry." *Id.* (alterations, internal quotation marks, and citation omitted).

**{11}**    In this case, Officer Moya's testimony at trial established that only a few seconds had passed between the shooting and Mr. Gonzales's statement to him. Consequently, this would have given Mr. Gonzales very little opportunity for any reflection or fabrication. Officer Moya also testified that his car window was open, and Mr. Gonzales appeared "excited" and "very hysterical, in a panic" when their vehicles passed by each other and Mr. Gonzales made his statement. Furthermore, the record does not reflect that Mr. Gonzales's statement was made in response to an inquiry by Officer Moya. While Mr. Gonzales's statement may have been self-serving because it shifted blame for the shooting from himself to another person, Mr. Gonzales did not explicitly identify Defendant as the shooter.

**{12}**    Based on Officer Moya's testimony, we conclude that the district court did not abuse its discretion by admitting Mr. Gonzales's statement to Officer Moya as an excited utterance. *See State v. Hernandez*, 1999-NMCA-105, ¶ 15, 127 N.M. 769, 987 P.2d 1156 (holding that even when the circumstances do not necessitate a finding of excited utterance, if the circumstances are sufficient to support such a finding, we will uphold the trial court's exercise of its broad discretion in determining whether a statement was an excited utterance).

**CONCLUSION**

**{13}**    For the foregoing reasons, we affirm Defendant's conviction for shooting at a motor vehicle.

**{14}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**